UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRAVIS WILLIAM COLEMAN, | CASE NO. C14-0050JLR |
| Petitioner, | ORDER ADOPTING REPORT AND RECOMMENDATION |
| v. | |
| PATRICK GLEBE, | |
| Respondent. | |

## I.   INTRODUCTION

This matter comes before the court on the Report and Recommendation of United States Magistrate Judge Mary Alice Theiler (R&R (Dkt. # 21)), and Respondent Patrick Glebe's objections thereto (Obj. (Dkt. # 22)). The court has carefully reviewed all of the foregoing, along with all other relevant documents, and the governing law. Being fully advised, the court ADOPTS the Report and Recommendation, DENIES Mr. Glebe's motion to dismiss Mr. Coleman's petition for habeas corpus (Mot. to Dismiss (Dkt. # 15)), and DIRECTS Mr. Glebe to file an answer addressing the merits of Mr.

ORDER- 1

Coleman's federal habeas claims within thirty (30) days of the date on which this order is filed.  Finally, the court remands this matter to Magistrate Judge Theiler for consideration of the merits of Mr. Coleman's petition for habeas corpus and the issuance of a Report and Recommendation regarding the same.

## I.     BACKGROUND

Following his conviction on two counts of child molestation, Mr. Coleman was sentenced on March 28, 2008, to an indeterminate term of 78 months to life in total confinement.  (Mot. to Dismiss (Dkt. # 15) Ex. 1 at 1; *id.* Ex. 3 ("8/17/09 Wash. Ct. App. Op.") at 1-2.)  Mr. Coleman appealed his conviction to the Washington Court of Appeals.  (*See id.* Ex. 4.)

On August 17, 2009, the Washington Court of Appeals held that the trial court erred in its procedures for sealing jury questionnaires and remanded the case for reconsideration of the sealing order, but otherwise affirmed the trial court.  (8/17/09 Wash. Ct. App. Op. at 2-9.)  The Court of Appeals concluded that there was "nothing to indicate that the questionnaires were not available for public inspection during the jury selection process," and further concluded that the sealing order "had no effect on [Mr.] Coleman's public trial right."  (*Id.* at 9.)  In rejecting reversal as a remedy, the Court of Appeals stated:  "The error was not structural.  [Mr.] Coleman does not suggest any possible prejudice to him resulting from the order.  Reversal is therefore not the remedy."  (*Id.*)  Mr. Coleman did not pursue any further review by the Washington Supreme Court at that time, and the Court of Appeals issued its mandate on September 5, 2009.  (Mot. to Dismiss Ex. 5.)

On November 24, 2009, the trial court held a hearing on the issue remanded by the Court of Appeals. (*See id.* Ex. 6.) The trial court heard oral argument and took testimony. (*Id.*) Ultimately, the trial court modified its prior order sealing the jury questionnaires by redacting juror names and numbers from the questionnaires. (*Id.*)

Mr. Coleman appealed the trial court's modified order. (*See id.* Ex. 7.) Mr. Coleman argued in his second appeal that the record developed on remand undermined the factual premise that formed the basis for the Court of Appeals' first opinion. (*See id.*) He argued that the record developed on remand established that the jury questionnaires were not available to the public and that therefore his public trial right was violated. (*Id.*) Indeed, the Court of Appeals acknowledged that both parties to the second appeal were of "the view that [the evidence developed on remand] conclusively establishe[d that] the questionnaires were not available to the public during jury selection, and that this revelation ma[de] the reasoning behind [the first decision of the Court of Appeals] 'untenable'." (*Id.* Ex. 8 ("4/4/11 Wash. Ct. App. Op.") at 5.) Despite the parties' position, the Court of Appeals ultimately held that Mr. "Coleman ha[d] not established that the questionnaires were truly unavailable to the public" and accordingly, the Court adhered to its original ruling in Mr. Coleman's initial appeal. (*See id.* at 6.)

Mr. Coleman filed a petition for review in the Washington Supreme Court, but the Court denied his petition on June 5, 2013. (*See* Mot. to Dismiss Ex. 9.) The Court of Appeals issued its mandate with respect to Mr. Coleman's second appeal on June 26, 2013. (*Id.* Ex. 10.)

In January 2012, while his petition for review on his second appeal was pending in the Washington Supreme Court, Mr. Coleman filed a personal restraint petition in the Court of Appeals.  (*Id.* Ex. 11.)  The Court of Appeals dismissed his petition on March 18, 2013.  (*Id.* Ex. 12.)  The Commissioner for the Washington Supreme Court denied his petition for further review on November 22, 2013.  (*See id.* Ex. 13.)  The Washington Supreme Court denied Mr. Coleman's subsequent motion to modify the Commissioner's ruling on February 14, 2014 (*id.* Ex. 14), and the Court of Appeals issued a certificate of finality with respect to Mr. Coleman's personal restraint proceedings on February 21, 2014 (*id.* Ex. 15).

Mr. Coleman filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this court on January 10, 2014.  (*See* Dkt. # 1.)  Mr. Glebe filed a motion to dismiss the petition on grounds that the statute of limitations has expired.  (*See* Mot. to Dismiss.)  Mr. Glebe asserted that Mr. Coleman's conviction became final and the one-year statute of limitations on his federal habeas corpus petition under 28 U.S.C. § 2244(d) began to run on September 16, 2009 (which is thirty days after the Washington Court of Appeals affirmed the trial court's judgment on August 17, 2009), and that the limitations period expired one year later on September 16, 2010.  (*Id.* at 6.)  Accordingly, Mr. Glebe asserted that Mr. Coleman's January 10, 2010, federal habeas petition was untimely pursuant to 28 U.S.C. § 2244(d).  (Mot. to Dismiss at 6.)

Magistrate Judge Theiler issued a Report and Recommendation denying Mr. Glebe's motion to dismiss.  (*See* R&R.)  Mr. Glebe timely filed an objection to the Report and Recommendation (Obj. (Dkt. # 22)), and Mr. Coleman has filed a reply to Mr.

Glebe's objection (Reply (Dkt. # 25)). The court now reviews Magistrate Judge Theiler's Report and Recommendation pursuant to Federal Rule of Civil Procedure 72(b)(3) and Rule 8(b)(4) of the Rules Governing Section 2254 Cases.

## II.   STANDARD OF REVIEW

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. *See* Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court reviews de novo those portions of the report and recommendation to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *Id.* Because Mr. Coleman is proceeding *pro se*, this court must liberally interpret his filings. *See Bernhardt v. L.A. Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).

## III.   DISCUSSION

Mr. Glebe objects to Magistrate Judge Theiler's Report and Recommendation on grounds that she applied the wrong test for determining whether a judgment and sentence are final. (Obj. at 4.) Specifically, Mr. Glebe asserts that Mr. Coleman's judgment and sentence were final following his first appeal, and that his second appeal was immaterial with respect to the running of the statute of limitations on his habeas corpus petition

because it involved a mere collateral issue that did not affect the finality of his sentence. (*See generally* Obj.)

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitations period on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, 28 U.S.C. § 2244 (d)(1)(A) states, in pertinent part, that the limitations period applicable to "a person in custody pursuant to the judgment of a State court" shall run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The judgment of conviction is not final within the meaning of 28 U.S.C. § 2244(d)(1)(A) until both the conviction and the sentence have become final by the conclusion of direct review or the expiration of the time for seeking such review. *Burton v. Stewart*, 549 U.S. 147, 156-57 (2007) (per curiam).

In *Jiminez v. Quarterman*, 555 U.S. 113 (2009), the Supreme Court held that if a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet final for the purpose of the statute of limitations. *Id.* at 120. Specifically, the court held that "once the [state court of appeals] reopened direct review of petitioner's conviction," and it "was again capable of modification through direct appeal to the state courts," then "petitioner's conviction was no longer final for purposes of § 2244(d)(1)(A)." *Jiminez*, 555 U.S. at 120. In this instance, because the trial court reopened the record on remand and the Court of Appeals allowed Mr. Coleman's second appeal, which challenged the validity of his conviction, his conviction "was again capable

ORDER- 6

of modification through direct appeal to the state courts." *Id.* The fact that the Court of Appeals ultimately adhered to its original ruling is of no import. The conviction lacked finality because it remained possible that the Court of Appeals would modify or reverse it.

The court reaches the same conclusion when examining state law. *See Nguyen v. Sinclair*, 462 F. App'x 669, 670 (9th Cir. 2011) (applying Washington law to determine when petitioner's conviction and sentence became final for purposes of calculating the limitations period under 28 U.S.C. § 2244(d)(1)(A)). Under Washington law, Mr. Coleman had a right to appeal the trial court's ruling on remand. In *State v. Kilgore*, 216 P.3d 393 (Wash. 2009), the Washington Supreme Court held that "a case has no remaining appealable issues where an appellate court issues a mandate reversing one or more counts and affirming the remaining count, and where the trial court exercises no discretion on remand as to the remaining final counts." *Id.* at 397. However, where the trial court, "on remand, exercise[s] its independent judgment, review[s] and rule[s] again on such issue," then "it does become an appealable question." *Id.* Because the trial court here exercised its independent judgment, held a hearing, took additional evidence, and ruled again on the remanded issue by modifying its prior order, the trial court's second ruling was appealable, and Mr. Coleman's conviction was not final under Washington law.[1] *See id.*

---

[1] If the Washington Court of Appeals had thought that the trial court had exceeded its mandate on remand by taking additional evidence and ruling on the jury questionnaire issue a second time, it could have so ruled. *See State v. Pierce*, No. 42108-9-II, 2012 WL 3229138, at

ORDER- 7

    Mr. Glebe asserts that the mere fact that Mr. Coleman filed the second appeal and asked the Court of Appeals to re-open his conviction and sentence is irrelevant to the finality of his conviction. (*See generally* Obj.) The court agrees, but that is not all that happened here. Although the Court of Appeals ultimately reaffirmed its earlier decision, it also considered the jury questionnaire issue a second time. (*See* 4/4/11 Wash. Ct. App. Op. at 5-6.) By acquiescing in Mr. Coleman's appeal and reconsidering the issue of the sealed jury questionnaires and their potential effect on Mr. Coleman's right to a public trial, the Court of Appeals rendered Mr. Coleman's conviction not final. Although Mr. Coleman did not ultimately prevail, his conviction was nevertheless subject to modification or reversal during the course of his second appeal.

    Based on the foregoing, this court agrees with Magistrate Judge Theiler's Report and Recommendation that Mr. Coleman's conviction was not final until his second appeal was ultimately resolved, that Mr. Glebe's motion to dismiss should be denied, and that Mr. Glebe should be directed to file an answer to the merits of Mr. Coleman's federal habeas corpus petition.

## IV. CONCLUSION

The court hereby ORDERS as follows:

(1) The court ADOPTS the Report and Recommendation (Dkt. # 21);

---

\*3 (Aug. 9, 2012) ("We conclude that the trial court's actions exceeded the scope of our earlier mandate and we now remand for resentencing . . . ."). Instead, the Court of Appeals considered the issue anew on Mr. Coleman's second appeal. (*See* 4/4/11 Wash. Ct. App. Op. at 5-6.)

1   (2) The court DENIES Mr. Glebe's motion to dismiss Mr. Coleman's federal
      habeas corpus petition (Dkt. # 15);

2   (3) The court DIRECTS Mr. Glebe to file an answer addressing the merits of Mr. Coleman's federal habeas corpus petition within thirty (30) days of the date of that this Order is filed.  The court will treat the answer in accordance with Western District of Washington Local Rule LCR 7.  Accordingly, on the face of the answer, the court DIRECTS Mr. Glebe to note the answer for consideration on the fourth Friday after filing.  Mr. Coleman may file and serve a response not later than the Monday immediately preceding the Friday designated for consideration of the matter, and Mr. Glebe may file and serve a reply not later than the Friday designated for consideration of the matter;

3   (4) The court DIRECTS the Clerk to send copies of this Order to Mr. Coleman, to counsel for Mr. Glebe, and to Magistrate Judge Theiler; and

4   (5) The court REMANDS this matter to Magistrate Judge Theiler for consideration of the merits of Mr. Coleman's habeas corpus petition and any answer or reply filed thereto, and for the preparation of a Report and Recommendation concerning the same.

Dated this 19th day of November, 2014.

*[signature]*

JAMES L. ROBART
United States District Judge

ORDER- 9