UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRAVIS WILLIAM COLEMAN,<br><br>        Petitioner,<br><br>    v.<br><br>PATRICK GLEBE,<br><br>        Respondent. | CASE NO. C14-0050JLR<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

## I. INTRODUCTION

This matter comes before the court on the report and recommendation of United States Magistrate Judge Mary Alice Theiler (R&R (Dkt. # 35)), and Petitioner Travis William Coleman's objections thereto (Obj. (Dkt. # 41)). Having carefully reviewed all of the foregoing, along with all other relevant documents, and the governing law, the court ADOPTS the Report and Recommendation (Dkt. # 35) and DISMISSES with prejudice Mr. Coleman's 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 3).

//

ORDER- 1

## II.  BACKGROUND

The jury convicted Mr. Coleman of two counts of molestation, acquitted him of a third, and did not reach a verdict on a charge of rape.  (Admin Record (Dkt. # 31) Ex. 7 at 1-2.)  Mr. Coleman was sentenced to an indeterminate term of 78 months to life in total confinement, followed by community custody.  (*Id.* Ex. 1.)  He was confined to the Stafford Creek Corrections Center at the time he filed his petition, was later released, and is currently under community custody.  (*Id.* Ex. 2.)

Mr. Coleman filed a direct appeal to the Washington Court of Appeals.  (*Id.* Ex. 4.)  The Washington Court of Appeals held that the trial court erred in its procedure for sealing jury questionnaires, but the Court of Appeals did not find that the error was structural.  (*Id.* Ex. 7.)  The Court of Appeals remanded the matter for reconsideration of the sealing order.  (*Id.*)  The Court of Appeals otherwise affirmed the trial court and rejected Mr. Coleman's claims.  (*Id.*)  Mr. Coleman did not seek review of the Washington Supreme Court, and the Court of Appeals issued its mandate on September 25, 2009.  (*Id.* Ex. 8.)

On remand, the trial court held a hearing on the issue remanded by the Court of Appeals.  (*Id.* Ex. 9.)  The trial court modified its prior order sealing the jury questionnaires and directed that the jurors' names and numbers be redacted and the redacted questionnaires be filed on the docket.  (*Id.*)  Mr. Coleman then appealed this order.  (*Id.* Ex. 10.)  The Washington State Court of Appeals affirmed the trial court's order on remand.  (*Id.* Ex. 3.)  Mr. Coleman petitioned for review, but the Washington

1 Supreme Court denied his petition. (*Id.* Exs. 13, 14.) The Court of Appeals issued its
2 mandate on June 26, 2013. (*Id.* Ex. 15.)
3     In the meantime, Mr. Coleman filed a personal restraint petition with the
4 Washington State Court of Appeals. (*Id.* Ex. 16.) The Court of Appeals dismissed the
5 petition, and the Washington Supreme Court denied Mr. Coleman's petition for
6 discretionary review. (*Id.* Exs. 19, 20, 21.) Mr. Coleman moved to modify the ruling,
7 but the Supreme Court denied his motion without comment on February 5, 2014. (*Id.*
8 Exs. 22, 23.) The Court of Appeals issued its certificate of finality on February 21, 2014.
9     Mr. Coleman filed his present 28 U.S.C. § 2254 petition for writ of habeas corpus
10 in this court January 1, 2014. (Petition (Dkt. ## 1, 3).) In his petition, Mr. Coleman
11 raised three grounds for relief: (1) his Sixth Amendment right to a public trial was denied
12 when the trial court sealed juror questionnaires without first conducting an inquiry into
13 Mr. Coleman's public trial rights, (2) his Sixth Amendment right to effective assistance
14 of counsel was denied when his attorney failed to object to numerous improper remarks
15 made by the prosecuting attorney during closing arguments, and (3) his Fifth and Sixth
16 Amendment rights were violated due to the prosecution's failure to provide possible
17 exculpatory evidence when it failed provide a mirror image of a hard drive seized from
18 Mr. Coleman's residence which was alleged to contain "footprints of child pornography."
19 (*Id.* at 3.)
20     On April 1, 2015, Magistrate Judge Theiler issued a report recommending that the
21 court deny each of Mr. Coleman's grounds for habeas relief and dismiss his petition with
22

ORDER- 3

prejudice. (*See generally* R&R at 5-29.) On May 22, 2015, Mr. Coleman filed his objections to Magistrate Judge Theiler's report and recommendation. (*See* Obj.)

### III.  ANALYSIS

#### A.  Standard of Review

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. *See* Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id*. "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court reviews de novo those portions of the report and recommendation to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *Id*. When no objections are filed, the court need not review de novo the report and recommendation. *Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005). Because Mr. Coleman is proceeding *pro se*, this court must interpret his petition and objections liberally. *See Bernhardt v. L.A. Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).

#### B.  Mr. Coleman's Habeas Petition

As noted above, Mr. Coleman raised three issues in his habeas petition. (*See generally* Petition.) Magistrate Judge Theiler rejected all three issues and recommended that the court deny Mr. Coleman's habeas petition. (*See generally* R&R.) Mr. Coleman

objected to Magistrate Judge Theiler's recommendations with respect to each of his three issues. (*See generally* Obj.) Mr. Coleman, however, fails to raise any new issue or argument in his objections that was not previously addressed by Magistrate Judge Theiler in her report and recommendation. The court has thoroughly reviewed both Magistrate Judge Theiler's report and recommendation and Mr. Coleman's objections and is convinced that Magistrate Judge Theiler's recommendations are sound. Nevertheless, the court briefly addresses each of Mr. Coleman's objections.

**1. Right to a Public Trial**

Mr. Coleman argues that the state trial court violated his Sixth Amendment right to a public trial when the court sealed juror questionnaires without first conducting a proper inquiry. (Petition at 5-6.) Magistrate Judge Theiler found that because the trial judge did not order the sealing of the juror questionnaires until after the completion of voir dire and jury selection, and because jurors were questioned in open court on the content of their questionnaires, Mr. Coleman failed to make a showing that the public was, in fact, precluded from the viewing the questionnaires at any point prior to jury selection. (R&R at 14-15.) Further, Magistrate Judge Theiler found that the trial court had met its obligations on remand when it held a hearing and made findings to support the redaction of juror names and numbers from the questionnaires. (*Id.* at 15-16.)

Mr. Coleman objects to Magistrate Judge Theiler's report and recommendation by arguing that the trial court could not fairly consider the issue of sealing the juror questionnaires on remand after his trial had already occurred. (Obj. at 1-2.) Mr. Coleman, however, does not explain why this is so. Mr. Coleman also challenges

Magistrate Judge Theiler's conclusion that Mr. Coleman failed to make a showing that the questionnaires were in fact not available during voir dire. (*Id.* at 2-3.) Mr. Coleman cites to a statement by the trial court indicating that juror questionnaires "will be sealed." (*Id.* at 3.) Mr. Coleman, however, does not cite to any portion of the record to support his argument and in fact appears to concede that (whatever the initial intent of the trial court) the questionnaires were not in fact sealed for three days. (*See id.* ("This fact the judge waited three days to officially seal the questionnaires means nothing where the court's intention was apparent up front as it was in this case.").)

The court has carefully reviewed Mr. Coleman's objections to Magistrate Judge Theiler's recommendation that the court reject Mr. Coleman's argument that his Sixth Amendment right to a public trial was infringed. The court agrees with Magistrate Judge Theiler's recommendation and that the standards set forth in *Waller v. Georgia*, 467 U.S. 39, 45-46 (1984) and *United States v. Sherlock*, 962 F.2d 1349, 1356-57 (9th Cir. 1989) concerning voir dire and the Sixth Amendment right to a public trial were ultimately satisfied in this case. Accordingly, the court concludes that Mr. Coleman has not demonstrated that the state court's adjudication of his claim was contrary to or an unreasonable application of clearly established federal law or that Mr. Coleman has demonstrated any violation of his Sixth Amendment right to a public trial.

### 2. Ineffective Assistance of Counsel

Mr. Coleman argues that he was denied his Sixth Amendment right to effective assistance of counsel when his attorney failed to object to improper remarks of the prosecutor during closing argument, including impermissible vouching, disparagement of

defense counsel, and other inflammatory remarks.  (Petition at 6-8.)  Magistrate Judge Theiler analyzed the prosecutor's conduct under the two-pronged test found in *Strickland v. Washington*, 466 U.S. 668, 687-94 (1984), and found that Mr. Coleman had not demonstrated error under either prong.  (R&R at 21-26.)

Mr. Coleman objects to Magistrate Judge Theiler's recommendation that the court reject his second ground for habeas relief but raises no issues not previously addressed by Magistrate Judge Theiler.  (*See* Obj. at 4-6.)  After a thorough review of the record, Magistrate Judge Theiler's report and recommendation, and Mr. Coleman's objection thereto, the court remains convinced that Magistrate Judge Theiler's recommendation that the court deny Mr. Coleman's claim for habeas relief on grounds of ineffective assistance of counsel is correct.  The court does not find that Mr. Coleman's counsel's performance fell below an objective standard of reasonableness or that, but for the alleged failures of Mr. Coleman's counsel, the outcome of the proceedings would have been different.  Because the state court's adjudication of this claim was neither contrary to, nor an unreasonable application of clearly established federal law, the court adopts the recommendation of Magistrate Judge Theiler and denies habeas relief to Mr. Coleman on his claim for ineffective assistance of counsel.

**3.   Failure to Provide Exculpatory Evidence**

Mr. Coleman's third ground for habeas relief challenges the failure of the prosecution to provide defense counsel with a mirror image of the hard drive seized from Mr. Coleman's residence which was alleged to contain "'footprints of child pornography.'"  (Petition at 8-9.)  Instead, Mr. Coleman states that his attorney received

only a printout of a single directory contained on the hard drive. (*Id.* at 9.) Magistrate Judge Theiler found that the record did not reflect a *Brady* violation[1] but rather that the prosecutor had provided the defense with an opportunity to obtain a copy of the hard drive, which the defense did not pursue. (R&R at 27.) As a result, Magistrate Judge Theiler recommended that the court deny Mr. Coleman's third claim for habeas relief. (*Id.* at 28-29.)

Mr. Coleman objects to Magistrate Judge Theiler's recommendation on grounds that his counsel was unable to afford the cost of providing an empty hard drive for purposes of making a mirror image copy of the hard drive of Mr. Coleman's computer. (Obj. at 7.) Mr. Coleman, however, did not object to the prosecution's position, move to compel production, or provide the court with an opportunity to rule on an appropriate allocation of costs. (*See* Admin. Record Ex. 19 at 5.) Given this record, the court agrees with Magistrate Judge Theiler's conclusion that Mr. Coleman has failed to demonstrate a *Brady* violation. Because Mr. Coleman fails to demonstrate that the state court's decision rejecting his claim of a discovery violation was contrary to or an unreasonable application of clearly established federal law, the court adopts the recommendation of Magistrate Judge Theiler and denies habeas relief to Mr. Coleman on his claim for an alleged failure to provide *Brady* material.

//

---

[1] *See Brady v. Maryland*, 373 U.S. 83, 87 (1963) (holding that the Constitution requires the prosecution to disclose evidence to the defense that it both favorable to the accused and material to either guilt or punishment).

### 4. **Certificate of Appealability**

Finally, the court also concurs with Magistrate Judge Theiler's recommendation that the court deny Mr. Coleman a certificate of appealability. Mr. Coleman may appeal this court's dismissal of his 28 U.S.C. § 2254 petition for writ of habeas corpus only after receiving a certificate of appealability from either a district or circuit judge. The court may issue a certificate of appealability only if the petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Coleman meets this standard only if he can demonstrate that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The court agrees with Magistrate Judge Theiler that Mr. Coleman has failed to make this showing. (*See* R&R at 29.) Accordingly, the court adopts Magistrate Judge Theiler's recommendation and denies Mr. Coleman a certificate of appealability.

## IV.  CONCLUSION

Based on the foregoing, the court (1) ADOPTS the report and recommendation of Magistrate Judge Theiler (Dkt. # 35); (2) DISMISSES Mr. Coleman's 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 3); (3) DENIES issuance of a certificate of

//

//

//

//

appealability; and (4) DIRECTS the clerk to send copies of this order to Mr. Coleman, to counsel for Respondent, and to Magistrate Judge Theiler.

Dated this 10th day of July, 2015.

JAMES L. ROBART
United States District Judge

ORDER- 10